IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| RANDY G. STILSON<br>757 Wainwright Drive<br>Columbus, Ohio 43224<br><br>    **Plaintiff,**<br><br>v.<br><br>**ARAMARK SMMS, LLC**<br>1101 Market Street<br>Philadelphia, Pennsylvania 19107<br><br>    DBA<br><br>**ARAMARK MANAGEMENT<br>SERVICES, LIMITED PARTNERSHIP**<br>700 Children's Drive<br>Columbus, Ohio 43205<br><br>**AGENT FOR SERVICE OF PROCESS:**<br>    **CT COPORATION SYSTEM**<br>    1300 East Ninth Street<br>    Cleveland, Ohio 44114<br><br>    **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>Judge<br><br>10 CVC 04   6024 |

## COMPLAINT
(Jury Demand Endorsed Hereon)

Now comes the Plaintiff, Randy G. Stilson, ("Plaintiff"), by and through his undersigned Counsel, and states the following as his Complaint:

**JURISDICTION:**

1.     Jurisdiction is proper in this Court because Defendant Aramark SMMS, LLC ("Defendant") is duly licensed in the State of Ohio as Aramark Management Services,

1

Limited Partnership, and has a principal place of business located at 700 Children's Drive, Columbus, Ohio, which is where Plaintiff worked.

2. Defendant is an employer as defined in Ohio Rev. Code § 4112.01 (A) (2).

3. Venue is proper in this Court as all events giving rise to this cause of action occurred in Franklin County, Ohio.

4. Plaintiff is seeking damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

**FACTS COMMON TO ALL COUNTS:**

5. On or about July 6, 2006, Defendant hired Plaintiff, currently age fifty-three (53), as a Biomedical Engineer (hereinafter "Techinican").

6. Plaintiff's job was to repair and maintain medical machinery for Nationwide Children's Hospital (hereinafter "NCH"), who is one of Defendant's clients.

7. On multiple occasions during April 2008, Defendant's management requested that Plaintiff disregard the preventive maintenance schedule for the medical machinery at NCH that Plaintiff was to maintain. In addition, Defendant requested that Plaintiff falsify documentation as to what preventive maintenance and/or repairs were performed on the machines. Plaintiff declined.

8. During February or March 2009, Plaintiff telephoned NCH and Defendant's compliance departments and notified them of the above requests and of the harassment that Plaintiff endured as a result of his refusal to comply with the requests.

9. During April 2009, Defendant tendered a contract to Plaintiff and other Technicians to sign, wherein the Technicians would promise to certify repair/maintenance of a certain number of NCH's medical machines per day. Plaintiff and other Technicians refused to sign the contract, as the number of machine repairs/maintenance per day requested would

result in either an inability to repair/maintain the number of machines requested, or the false certification of repairs/maintenance performed (in order to not be in violation of the contract).

10. The above-referenced contract was unworkable due to lack of qualified technicians to complete the repairs/maintenance in the time requested and/or due to a lack of parts.

11. During May 2009, Defendant issued a modified contract with fewer repairs/maintenance required per day, but was unworkable for the same reasons as mentioned above.

12. During May and/or June 2009, Plaintiff met with NCH's corporate compliance attorney and reported actual falsification of maintenance/repair documents of NCH's medical machines by management of Defendant and Defendant's requests that Plaintiff and other Technicians falsify the same. Plaintiff turned in a written complaint to Defendant, with a copy to NCH's corporate compliance.

13. During June 2009, Defendant held a meeting and demanded that its Technicians sign the above-referenced repair/maintenance certification contract or face discipline, up to and including termination of employment. Plaintiff was unable to attend the meeting because he was called away to repair a ventilator that was being used by a patient at NCH.

14. Several weeks after the June 2009 meeting mentioned above, Defendant placed Plaintiff on final warning with a non-expiring probation because of Plaintiff's refusal to execute the above-referenced repair/maintenance certification contract and for missing the June 2009 meeting. Prior to June 2009, Plaintiff had received no work related discipline.

15. On or about October 23, 2009, a less experienced Technician was assigned to repair a ventilator machine while Plaintiff was offsite at a training session. The less experienced Technician's work caused the machine to become completely inoperable. When Plaintiff

returned from training, it took him three (3) days just to get the ventilator to power up, let alone to repair the original problem.

16. Defendant's management approached Plaintiff and demanded to know why the above machine was not repaired yet and why seven (7) other machines were not fixed. Plaintiff explained that the seven (7) other machines had not been shipped to him for repair; therefore, he could not undertake to represent that he had repaired them. In fact, these seven (7) machines had been assigned to a different Technician for repair.

17. On or about October 27, 2009, representatives of Defendant met with Plaintiff and terminated Plaintiff from employment.

18. In addition to the above facts, Plaintiff was subjected to numerous age-related comments by both management and employees of Defendant. The comments persisted nearly up to Plaintiff's termination from employment. Plaintiff complained to management and Human Resources regarding the comments/harassment, but the comments/harassment never ceased.

**Count One:**

19. Plaintiff hereby incorporates paragraphs 1 through 18 as if fully restated herein.

20. Plaintiff has stated a cause of action against Defendant for whistleblower retaliation in violation of Ohio Revised Code Section 4113.52.

**Count Two:**

21. Plaintiff hereby incorporates paragraphs 1 through 20 as if fully restated herein.

22. Plaintiff has stated a cause of action against Defendant for age discrimination in violation of Ohio Revised Code Section 4112.02.

**Count Three:**

23. Plaintiff hereby incorporates paragraphs 1 through 22 as if fully restated herein.

24. Plaintiff has stated a cause of action against Defendant for retaliation for complaining about age discrimination in violation of Ohio Revised Code Section 4112.02.

**Count Four:**

25. Plaintiff hereby incorporates paragraphs 1 through 24 as if fully restated herein.

26. Plaintiff has stated a cause of action against Defendant regarding Defendant's negligent hiring, retention and/or supervision of its employees. This negligence proximately caused Plaintiff's termination of employment with Defendant.

**Count Five:**

27. Plaintiff hereby incorporates paragraphs 1 through 26 as if fully restated herein.

28. Plaintiff has stated a cause of action against Defendant for violation of Ohio public policy favoring complaints regarding workplace safety.

**WHEREFORE**, Plaintiff, Randy G. Stilson, respectfully requests judgment against Defendant as follows:

1. Damages in excess of Twenty-Five Thousand dollars ($25,000.00) on each count;

2. Pre-judgment and post-judgment interest, costs, and attorneys fees;

3. Any and all other relief this Court may find just and equitable.

RESPECTFULLY SUBMITTED,

*Derek Bricker*

Derek F. Bricker (0073736)
Law Office of Derek F. Bricker, LLC
Easton Town Center
4100 Regent St., STE T
Columbus, Ohio 43219
Phone: (614) 269-4919
Fax:    (614) 269-4919
Email: derek.bricker@dbrickerlaw.com
Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff, by and through his undersigned Counsel, hereby demands a jury to hear and decide all issues that may be heard and decided by a jury.

*Derek Bricker*

Derek F. Bricker (0073736)
Law Office of Derek F. Bricker, LLC
Trial Attorney for Plaintiff